**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID KISSI, | |
| Plaintiff, | Civil No. 08-3574 (JLL) |
| v. | |
| AMMENDALE TRUST, et al., | O P I N I O N |
| Defendants. | |

**APPEARANCES:**

David Kissi, Pro Se
#38348037
FCI Elkton
P.O. Box 10
Lisbon, OH 44432

**LINARES, District Judge**

This matter comes before the Court on Plaintiff David Kissi's civil complaint, and application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence, the Court (1) grants Plaintiff's application to proceed in forma pauperis, and (2) directs the Clerk of the Court to file the Complaint without pre-payment of the filing fees or security. 28 U.S.C. § 1915(a). However, having reviewed the Complaint to identify cognizable claims as required under 28 U.S.C. § 1915(e)(2), the Court concludes that Plaintiff's complaint should be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff, a prisoner confined at the Federal Correctional Institution, Lisbon, Ohio, has filed a complaint for $100 million dollars against defendants Coldwell Banker and Jim Gillespie, listed as the Chief Executive Officer of Coldwell Banker. Plaintiff asserts jurisdiction under the diversity statute, 28 U.S.C. § 1332.

Plaintiff is no stranger to the federal courts.[1] He has been attempting to litigate this matter for years in the District of Maryland. Plaintiff's allegations concern the sale of properties in Maryland, and asserts claims against defendant Coldwell Banker, David Munchow, and Pramco. In fact, a duplicate of this complaint was filed in the United States District Court, Northern District of Ohio, docket number 08-cv-0894.

In the Northern District of Ohio case, the court found that "review of the complaint indicates the specific events and omissions of which plaintiff complains occurred in the State of Maryland, where defendants are located. None of the defendants resides in this judicial district, none of the defendants is subject to personal jurisdiction in this district, nor is any defendant to be found here. Therefore, the District of Maryland is the only proper venue for this matter." <u>Kissi v. Coldwell</u>

---

[1] Plaintiff has 68 actions, pending or closed, listed on the Public Access to Court Electronic Records ("PACER") website. <u>See</u> https://pacer.uspci.uscourts.gov.

Banker, et al., 08-cv-0894 (N.D. Ohio) (docket entry 7)(citing 28 U.S.C. §§ 1391(a) & (b)). That court also noted that Plaintiff has been enjoined by the District of Maryland from filing any further actions or documents relating to the subject matter of this litigation. See id., citing Pramco II v. Kissi, 03-cv-2241 (D. Md. Oct. 10, 2003)(docket entry 53).

With the present complaint, Plaintiff seeks to get around the injunction filed by the District of Maryland by noting that defendant Coldwell Banker, a Delaware corporation, has its headquarters in Parsippany, New Jersey. (Complaint, p. 2 "Jurisdiction").[2] However, the injunction filed in the District of Maryland ("Maryland Injunction") prohibits Plaintiff from filing "any actions or proceedings in any state court *or in any United States court* which constitute a collateral attack on any order or judgment of this Court, which is currently the subject of three pending appeals . . . in the United States Court of Appeals for the Fourth Circuit, . . . including any attempt to relitigate, reopen, reconsider, vacate or in any manner challenge or undermine the validity of any such order or judgment of this Court. . . ." Pramco II, et al. v. Kissi, et al., 03-cv-2241 (D.

---

[2] This is the only section of the complaint that differs from the Ohio complaint filed in 08-cv-894 (N.D. Ohio). In that complaint, Plaintiff listed Coldwell Banker as a Delaware corporation "doing business" in Ohio. See Kissi v. Coldwell Banker, et al., 08-cv-0894 (N.D. Ohio)(docket entry 1, p. 2 "Jurisdiction").

3

Md.)(docket entry 53)(emphasis added).  The Maryland injunction clearly covers the instant matter.

Even if this matter were not subsumed by the Maryland injunction, Plaintiff has not established diversity jurisdiction. Plaintiff is currently incarcerated in Ohio.  However, he is not necessarily domiciled in Ohio for diversity purposes.  See, e.g., McCracken v. Murphy, 328 F. Supp.2d 530, 532 (E.D. Pa. 2004)(finding that "[f]or inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state.") In this case, although Plaintiff is incarcerated in Ohio, his citizenship for diversity purposes is unclear.

Based on the foregoing, Plaintiff's complaint will be dismissed in accordance with the Maryland Injunction and for failure to establish diversity jurisdiction.

Dated: 2/25/09

JOSE L. LINARES
United States District Judge